IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-09-0846 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SUPT. LAMAS, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Dawn Marie Ball ("Ball"), an inmate at the State Correctional Institution at Muncy, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are seventy-six (76) Defendants, all of whom appear to be SCI-Muncy officials and employees. (Doc. No. 1, Compl.) Ball proceeds in forma pauperis in this matter.[1] Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude service in its present form.[2] Consequently, plaintiff will be directed to file an amended pleading in this action. Motions filed by Ball at the time she filed the instant complaint will be dismissed without

---

[1] Ball completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on May 7, 2009 (Doc. No. 8), directing the Superintendent at SCI-Muncy to commence deducting the full filing fee from Ball's prison trust fund account

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

prejudice to refile the motions following the submission of an amended complaint in this action.

I.      **Allegations of the Complaint**

Ball sets forth a plethora of claims in her handwritten complaint which consists of fifteen (15) pages back and front. The document, as submitted, is difficult to read. She alleges claims against seventy-six (76) Defendants including, but certainly not limited to, mail interference, assault, denial of medical treatment, inhumane treatment and denial of access to the courts. There are also numerous claims involving the denial of proper nutrition, retaliation involving the use of a restraint chair, the confiscation of property and sexual exploitation. With respect to each of these issues, Ball sets forth many separate incidents. The complaint spans over a year in time, and the claims involve different Defendants/combination of Defendants. Ball seeks injunctive and compensatory relief.

II.     **Discussion**

Fed. R. Civ. P. 8(e) states, in pertinent part, that "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 20, states, in pertinent part, the following:

> (A) Permissive Joinder. "All persons may ... be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given against ... one or more of the defendants according to their respective abilities.

Fed. R. Civ. P. 20(a). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or

occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

As submitted, it is clear that Plaintiff's complaint is in clear violation of both Rules 8 and 20. Plaintiff asserts a host of what appear to be completely unrelated claims that do not arise out of the same transaction or occurrence or series of transactions or occurrences. Moreover, it does not appear that the claims involve an issue of law or fact common to all defendants.

Based on the foregoing, it is clear that the instant complaint has numerous procedural deficiencies. However, in the interests of justice to this pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Ball will be granted an opportunity to file an amended complaint in this action attempting to state an actionable § 1983 claim against a properly named defendant or defendants in accordance with the above principles. She will be afforded fifteen (15) days within which to do so. In preparing an amended complaint, Ball is advised that she must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed her. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Further, Ball is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties.  The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels Ball's compliance with Rule 20.  Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action.  Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAWN MARIE BALL, : CIVIL NO. 1:CV-09-0846
    Plaintiff, :
        : (Chief Judge Kane)
    v. :
        :
SUPT. LAMAS, et al., :
    Defendants :

# ORDER

**AND NOW**, this 21st day of January, 2010, upon consideration of Plaintiff's complaint (Doc. No. 1), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff shall file an amended complaint within fifteen (15) days from the date of this order in accordance with the attached Memorandum. The amended complaint shall carry the same civil docket number (1:09-CV-0846) presently assigned to this matter. The Clerk of Court shall forward to Plaintiff a civil rights form complaint for her use in filing the amended complaint.

2. The amended complaint must comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 20. Should Plaintiff file an amended complaint which complies with Rule 8, but fails to comply with Fed. R. Civ. P. 20(a), the Court will dismiss all but the first count of the amended complaint.

3. All pending motions filed by Plaintiff (Doc. Nos. 4, 5, 10) are **dismissed, without prejudice,** to the refiling of said motions following the submission of an amended complaint in this action.

                                          S/ Yvette Kane
                                          YVETTE KANE, Chief Judge
                                          Middle District of Pennsylvania